## IN BANCO.—APRIL, 1856.

---

## W. R. KINNEY and W. FRINK *vs.* EDWIN JONES.

Proper construction of the 21st Section of the Bankruptcy Law of 1848, providing for the *suspension* of all civil suits against a bankrupt, declared by the Court.
Defendant, being arrested as a fraudulent debtor, declared himself bankrupt, and moved for his discharge from custody under the above provision. Motion refused.

CHIEF JUSTICE LEE delivered the opinion of the Court, as follows:

This is a motion for the discharge of Edwin Jones, who is in custody of the Marshal, as a fraudulent debtor, at the suit of Frink & Co., and others.

The matter comes before the court under the following circumstances.

Soon after defendant was arrested, his counsel made a motion for his discharge, in the present suit, before JUDGE ROBERTSON. That motion was based upon an affidavit of the defendant, traversing the allegations in the plaintiffs' petition for his arrest. Plaintiffs brought forward such evidence in support of their petition as induced JUDGE ROBERTSON to refuse the motion for defendant's discharge. His counsel made the like motion in the case in which defendant is held, at the suit of John Maxey, which motion was also refused, after hearing testimony on both sides. Defendant then went before the Chief Justice and declared himself bankrupt, in accordance with the Act of 1848. The Chief Justice granted his certificate and appointed commissioners. Defendant's counsel then made a new motion for his discharge, and produced before JUDGE ROBERTSON the certificate of bankruptcy. After hearing counsel for both parties, the motion was

again refused, and defendant's counsel excepted to JUDGE ROBERT-SON's decision.

The whole question, in our minds, hinges upon the proper construction to be given to the 21st Section of the Act relating to Bankruptcy. That section is in the following words, viz:

"From the time any person entitled to the benefit of this Act has declared himself a bankrupt, or from the filing of any petition by any creditor or creditors to have him declared a bankrupt, all civil suits pending against him shall be suspended."

It is contended by the learned counsel for the prisoner, that Jones having declared himself a bankrupt, all civil suits pending against him are thereby brought to an end, and the proceedings under them are no longer of any avail to hold the defendant in custody. In other words, that the term "suspended," as used in the 21st Section of the Act relating to Bankruptcy, above cited, means an absolute cessation, or termination, of all such proceedings against the bankrupt, and ought therefore to operate as a release from further imprisonment.

Now, what is the proper construction to be given to the word suspended, as here used. In our opinion, it is not to be construed as an absolute cessation, or termination of all suits, but should be understood as a stay, delay, or postponement thereof, until the conclusion of the proceedings in Bankruptcy. That is to say, the suits and all proceedings had thereunder are stopped, and the parties remain in statu quo, until it is ascertained what shall be the result of the new step taken by the defendant. To say that a debtor in prison for fraud shall, by the mere act of his appearing before the Chief Justice, and declaring himself a bankrupt, where no opportunity is given to his creditors to contest the question of his bankruptcy, thereby obtain his freedom, to go wherever he pleases and perchance depart the kingdom, strikes our minds as being neither just nor reasonable, but on the contrary, as calculated to defeat creditors in the pursuit of their just claims, and to frustrate the express object of the Act of 1852, providing for the arrest and imprisonment of such debtors.

When the proceedings in bankruptcy have been brought to a close, if it should appear that the debtor has delivered over to the assignees all his property, personal and real, and in all other respects complied with the provisions of the Act relating to Bankruptcy, it may possibly be competent to this court, to order his release from imprisonment, but that question we will decide when it may arise. We are clearly of the opinion that we possess no such power, at this stage of the case. The decision below is confirmed.

Mr. Bates, Mr. Hinton and Mr. Ducorron, for plaintiffs.
Mr. Montgomery for defendant.